UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BLAKE HASTINGS,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS BANK,<br><br>Defendant. | Case No.: 6:17-cv-01901-MK<br><br>OPINION AND ORDER<br><br>RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**KASUBHAI, Magistrate Judge:**

Before the Court is Defendant's Motion for Summary Judgment. Both parties consent to jurisdiction of a U.S. Magistrate Judge. ECF No. 14. For the following reasons, Defendant's Motion for Summary Judgment (ECF No. 41) is granted in part and denied in part.

## BACKGROUND

Plaintiff defaulted on his payment obligations to Defendant and had judgment rendered against him. Compl. ¶¶ 9-10, ECF No. 1; Answer ¶ 3, ECF No. 17. Subsequently, the parties entered into a Covenant not to Execute requiring Plaintiff to make a $30,000 down payment and pay a minimum of $1,000 per month until the debt was fully paid. Compl. ¶ 11, ECF No. 1; Answer ¶ 3, ECF No. 17. Around April 2017, Plaintiff obtained a copy of his credit report and found several errors. Compl., Ex. 1-2, ECF 1-1. The reported balance did not reflect the payments Plaintiff had made. *Id.* The report showed that all payments were listed as 180 days

past due despite regular payments by Plaintiff. *Id.* The report also listed both the judgment against Plaintiff and the subsequent Covenant not to Execute. *Id.*

Plaintiff submitted requests for investigation to two consumer credit reporting agencies ("CCRAs"), Equifax and TransUnion. Salyers Aff. ¶¶ 6-7, ECF No. 43. Plaintiff attached evidence of his payments to the requests. Compl., Ex. 47-91, ECF 1-1. The CCRAs sent inquiries to Defendant, and Defendant promptly responded to these inquires. Salyers Aff. ¶¶ 6-7, ECF No. 43. Plaintiff also notified Defendant of the errors in Defendant's report. *Id.* ¶ 9. Defendant did not make any changes to Plaintiff's account. *Id.*

Plaintiff brought two claims under the Fair Credit Reporting Act ("FCRA"). Plaintiff's First Claim alleges Defendant violated 15 U.S.C. § 1681n. Compl. ¶ 26, ECF No. 1. Plaintiff's Second Claim alleges that Defendant violated 15 U.S.C. § 1681o. Under both claims, Plaintiff alleges further violations of the FCRA "including but not limited to:"

a. Failing to follow reasonable procedures to assure maximum possible accuracy of information furnished to CCRA, as required under 15 U.S.C § 1681e(b); and

b. Failing to comply with reinvestigation requirements of 15 U.S.C. § 1681i.

*Id*. ¶¶ 28, 33.

Plaintiff seeks future and noneconomic damages of $1,000,000, actual damages of $7,950,000, and reasonable attorney fees. *Id.* ¶¶ 29, 31, 34-35. Plaintiff also seeks punitive damages in the amount of $10,000,000 should the Court find willful noncompliance. *Id*. ¶ 30.

**STANDARDS OF REVIEW**

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute

of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in their favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). When ruling on a motion for summary judgment, the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

Defendant moves for summary judgement based on four arguments. First, Defendant is not a CCRA, and is therefore not liable under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i, which only applies to CCRAs. Def.'s Mot. Summ. J. 2, ECF No. 41. Second, 15 U.S.C. § 1681s-2(a) does not create a private right of action. *Id.* at 3. Third, there is no dispute of material fact that Defendant followed reasonable procedures to assure the maximum possible accuracy of information provided to the CCRAs or that Defendant reasonably investigated the information in dispute. *Id.* Finally, the Plaintiff has not shown evidence of causation or damages from which a jury may return a verdict in Plaintiff's favor. *Id.* at 5. The Court addresses each argument in turn.

### A. Liability under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i.

When preparing a consumer credit report, CCRAs have a duty to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). CCRAs must also follow reasonable investigation procedures when a consumer disputes the accuracy of the information in the credit report. 15 U.S.C. § 1681i.

Defendant argues that § 1681e(b) and § 1681i only apply to "consumer reporting agencies" and Defendant is a "furnisher." Def.'s Mot. Summ. J. 2, ECF No. 41. A consumer reporting agency is "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). A "furnisher" provides the information to the reporting agencies for inclusion in credit reports. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). Defendant argues that because § 1681e(b) and § 1681i do not apply to furnishers, summary judgment is proper as to Plaintiff's claims under these statutes. Def.'s Mot. Summ. J. 3, ECF No. 41. Plaintiff does not dispute that § 1681e(b) and § 1681i do not apply to furnishers. However, Plaintiff contends that Defendant violated its duties as a furnisher under § 1681s-2.

Plaintiff does not explicitly allege § 1681s-2 violations. *See generally*, Compl., ECF No. 1. Plaintiff alleges that Defendant "failed to comply with the requirements imposed under the FCRA, 15 U.S.C. § 1681 *et. seq.*, *including but not limited to:*" violations of § 1681e(b) and § 1681i. Compl. ¶¶ 28, 33 ECF No. 1 (emphasis added). The question is whether Plaintiff provided Defendant with adequate notice of the § 1681s-2 allegations. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Only if the defendants have been put on notice may the plaintiffs proceed [with a claim not alleged in the complaint] at the summary judgment stage.").

The FCRA dictates that Defendant, as a furnisher, has a duty under 15 U.S.C. § 1681s-2(b)(1)(B) to "review all relevant information provided by the consumer reporting agency pursuant to section [15 U.S.C. § 1681i(a)(2)]." Because § 1681s-2(b)(1)(B) is within the scope of the FCRA, § 1681 *et seq.*, and Plaintiff claims violations of the FCRA without excluding

§ 1681s-2 violations, the Complaint sufficiently notifies Defendant that it "failed to comply with the requirements imposed under the FCRA" as a furnisher. Compl. ¶¶ 28, 33, ECF No. 1. Defendant's motion for summary judgment on this issue is denied.

### B. Availability of Private Right of Action

As discussed above, Plaintiff sufficiently notified Defendant of the § 1681s-2 allegations. One of Plaintiff's allegations is that Defendant failed to "follow reasonable procedures to assure maximum possible accuracy of the information furnished to CCRAs" which is a violation of § 1681s-2(a). Compl. ¶¶ 28, 33, ECF No. 1; *see* 15 U.S.C. § 1681s-2(a). Defendant argues that, there is no private right of action under § 1681s-2(a) because § 1681s-2(c) excludes liability under § 1681s-2(a). Def.'s Mot. Summ. J. 3, ECF No. 41.

"It can be inferred from the structure of the statute that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies." *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002); *see also Cisneros v. Trans Union, L.L.C.* 293 F. Supp. 2d 1167, 1174 (C. Haw. 2003). Therefore, a private right of action against Defendant is not available under § 1681s-2(a). *Id.* Defendant's motion for summary judgment as to claims under § 1681s-2(a) is granted.

### C. Reasonable Investigation

Under the FCRA, upon receiving inquiries from CCRAs regarding a dispute, Defendant has a duty to investigate, review, and correct disputed information to ensure the maximum possible accuracy. 15 U.S.C. § 1681s-2(b). Defendant claims that it completed investigations in response to the inquiries from the two CCRAs timely and thoroughly. Def.'s Mot. Summ. J. 4,

ECF No. 41.  Specifically, Defendant responded to the inquiry from TransUnion within two days, and to the inquiry from Equifax within the month. Salyers Aff. ¶¶ 6-7, ECF No. 43.

Defendant also conducted its own investigation in response to inquiries directly from Plaintiff. *Id.* ¶ 9. Defendant claims that its investigation confirmed that its reporting of the accounts was accurate and correct. *Id.* Defendant concluded that much of the negative information on Plaintiff's credit report was obtained through public records or reflected information "separate and apart from the loan information related to Citizens Bank." *Id.* ¶¶ 9, 11. Defendant later allowed the account regarding the Covenant to be eliminated from the report to correct for the inclusion of the original judgment but maintains that the account was reported correctly. *Id.* ¶ 10.  Defendant argues that summary judgment is proper because the evidence shows that Defendant conducted a reasonable investigation, and there is no evidence to the contrary. Def.'s Mot. Summ. J. 4-5, ECF No. 41.

"The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *see also*, *Thomas v. Trans Union LLC*, 197 F. Supp. 2d 1233, 1238 (D. Or. 2002) ("The reasonable procedures defense creates a jury question."), *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1080 (D. Or. 2007) ("[W]here evidence of inaccuracy permits the conclusion that a consumer reporting agency's accuracy-assuring procedures are unreasonable, such evidence is minimally sufficient to create a question of fact for jury determination.")

Here, Plaintiff disputes that Defendant's response was reasonable. Pl.'s Resp. ¶ 8-10, ECF No. 46.  Defendant did not correct any of the information sent to the CCRAs, except to remove the Covenant account. Salyers Aff. ¶¶ 9-10, ECF No. 43.  Defendant did not remove the

account from Plaintiff's record until eight months after this suit was filed and over a year after Plaintiff contacted Defendant for an investigation. Pl.'s Resp. ¶ 9. Defendant also did not address that the information it provides to the CCRAs did not account for Plaintiff's $30,000 down payment on the Covenant account. *Id*. ¶ 10.

Plaintiff has proffered sufficient evidence to create a genuine dispute of material fact as to the reasonableness of Defendant's investigation. Summary judgment on this issue is denied.

### D. Causation and Actual Damages

Defendant argues that Plaintiff has not provided evidence that can establish a causal link between Defendant's actions and any damage to Plaintiff. Def.'s Mot. Summ. J. 5, ECF No. 41. Defendant references the fact that Plaintiff's credit report included other adverse accounts and credit difficulties, and that Plaintiff has gone through bankruptcy. *Id.* at 6. Defendant also argues that Plaintiff cannot establish a specific dollar amount for any alleged damages. *Id* at 7. Plaintiff responds that Defendant has failed to show that Defendant's conduct did not cause damages. Pl.'s Resp. 5, ECF No. 46.

"[C]ausation is a question of fact, [but] may be decided as a matter of law if, under undisputed facts, reasonable minds could not differ." *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1506 n. 4 (9th Cir. 1994). A plaintiff does not need to disprove every other possible cause of his harm. *Pac. Shores Props., Ltd. Liab. Co. v. City of Newport Beach*, 730 F.3d 1142, 1168 (9th Cir. 2013). Rather, "plaintiffs can demonstrate causation by proving that the defendant's wrongful conduct was a 'substantial factor' in bringing about the harm in question." *Id*.

Plaintiff's deposition claims that Plaintiff has suffered an injury in the form of his poor credit score. Churnside Aff., Hastings Dep. 62: 13-14, ECF No. 42. As a result of this, Plaintiff suffered losses from real estate sales, inability to obtain credit, and tax liability. *Id.* at 47: 14-20.

Plaintiff testified at depositions that there was a report where "you guys went in and took out all these 120s [accounts listed as past due]. My score shot right through the roof." *Id.* at 56: 5-7. While other factors may be involved, Plaintiff has provided evidence that Defendant's conduct was a "substantial factor" in harming his credit score. There is a genuine issue of material fact on the issue of causation. Summary judgment on causation is denied.

On the issue of damages, a plaintiff must be "able to show specific damages incurred by [defendant's conduct]. This is sufficient to create a triable issue of fact regarding damages." *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1146 (N.D. Cal. 2005). Because Plaintiff has provided evidence that he suffered specific damages from Defendant's conduct, it is sufficient to create a triable issue of fact regarding damages. Summary judgment on this issue is denied.

## CONCLUSION

The Court grants Defendant's Motion for Summary Judgment (ECF No. 41) in part as to claims under 15 U.S.C. § 1681s-2(a) and denies in part as to the remaining claims.

IT IS SO ORDERED.

DATED this <u>1st</u> day of April 2020.

                                               s/ Mustafa T. Kasubhai
                                               MUSTAFA T. KASUBHAI
                                               United States Magistrate Judge